Opinion filed August 23, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed August 23, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00012-CV 

                                                    __________

 

                           ABILENE DIAGNOSTIC CLINIC, Appellant

 

                                                             V.

 

               CHARLETTE
DOWNING, AS REPRESENTATIVE OF THE

                  ESTATE
OF JUSTIN D. PRUITT, DECEASED, Appellee

 



 

                                         On
Appeal from the 350th District Court

 

                                                          Taylor County,
Texas

 

                                                   Trial
Court Cause No. 7132-D

 



 

                                                                   O
P I N I O N

 

This is an appeal from the trial court=s dismissal of a health care liability
claim.  Abilene Diagnostic Clinic (the
Clinic) appeals from the trial court=s
order granting the Clinic=s
motion to dismiss but denying an award for attorney=s
fees.  We affirm in part and reverse and
remand in part on the issue of attorney=s
fees.








On May 29, 2003, Charlette Downing, as
representative of the estate of Justin D. Pruitt, deceased, filed a health care
liability action against Living
 Centers of Texas, Inc.,
d/b/a Care Inn of Abilene, Steven Wachs, M.D., and the Clinic.  On January 12, 2004, the Clinic filed a
motion to dismiss pursuant to Tex. Rev.
Civ. Stat. art. 4590i, '
13.01(d) (1997),[1]
which  requires a claimant in a health
care liability claim to provide an expert report to each physician or health
care provider not later than the 180th day after the cause is filed.  On January 28, 2004, Downing filed a motion
to nonsuit as to Dr. Wachs and the Clinic. 
On that same day, the trial court held a hearing on the Clinic=s motion to dismiss.  The trial court entered an order dismissing
with prejudice Downing=s
claims against Dr. Wachs and the Clinic.[2]  The Clinic requested attorney=s fees as provided in Article 4590i,
section 13.01(e); however, the trial court did not award attorney=s fees.

On October 18, 2005, the trial court entered an
order dismissing with prejudice Downing=s
claims against Living Centers of Texas.  The Clinic filed a motion for order on notice
of appeal pursuant to Tex. R. Civ. P.
306a(5).  After a hearing, the trial
court found that the Clinic did not receive notice of the order dismissing the
remaining defendant in the cause.  The
trial court further found that the Clinic received actual notice on December
13, 2005, and that the Clinic was a party Aadversely
affected@ by the
October 18 order.

In its sole issue on appeal, the Clinic argues
that the trial court erred in refusing to award attorney=s
fees.  We will first address Downing=s argument that the trial court lacked
jurisdiction to extend the appellate deadlines. 









Tex. R.
Civ. P. 306a(1) provides that the periods within which parties may file
various postjudgment motions and trial courts may exercise their plenary
jurisdiction all run from the date the judgment is signed.   Tex.
R. Civ. P. 306a(3) requires clerks to notify parties or their attorneys
immediately when a judgment is signed.  Tex. R. Civ. P. 306a(4) states that,
when a party adversely affected by a judgment or order does not receive notice
or acquire actual knowledge of the order, the time periods set out in paragraph
(1) begin on the date that the party receives notice or acquires actual knowledge
of the signing.  Rule 306a(5) states that
the Aparty
adversely affected is required to prove in the trial court, on sworn motion and
notice, the date on which the party or his attorney first either received a notice
of the judgment or acquired actual knowledge of the signing.@ 


Downing argues that, in order to extend the
jurisdictional deadlines, the Clinic needed to Afile
a plenary-power-extending motion, or obtain a ruling on the Sworn Motion for
Order on Notice of Appeal within 30 days of December 13, 2005.@ 
The Clinic established that it was adversely affected by the October 18
order of dismissal and that it received actual notice of the order on December
13, 2005.  The trial court=s jurisdictional deadlines as discussed
in Rule 306a(1) began to run on December 13, 2005, and the Clinic filed its
notice of appeal on January 12, 2006.  Tex. R. App. P. 26.1.  The Clinic followed the procedures set out in
Tex. R. Civ. P. 306a  and timely perfected its appeal.  Moreover, Downing raised this argument in a
motion to dismiss appeal for want of jurisdiction, which this court overruled
on March 1, 2006.

We now turn to the Clinic=s
argument that the trial court abused its discretion by granting a dismissal of
Downing=s cause
of action for failure to comply with Article 4590i, section 13.01(d) and not
including an award of attorney=s
fees as prescribed by the statute. 
Article 4590i, section 13.01(e) provided:

If a claimant has failed, for any defendant
physician or health care provider, to comply with Subsection (d) of this
section within the time required, the court shall, on the motion of the
affected physician or health care provider, enter an order awarding as
sanctions against the claimant or the claimant=s
attorney:

 

(1) the reasonable attorney=s
fees and costs of court incurred by that defendant;

 

(2) the forfeiture of any cost bond respecting the
claimant=s claim
against that defendant to the extent necessary to pay the award; and

 

(3) the dismissal of the action of the claimant
against that defendant with prejudice to the claim=s
refiling.

 








Statutes providing that a party Ashall@ be awarded attorney=s fees are not discretionary.  Bocquet v. Herring, 972 S.W.2d 19, 20
(Tex. 1998); Doades v. Syed, 94 S.W.3d 664, 674 (Tex. App.CSan Antonio 2002, no pet.).  If the requirements of Article 4590i, section
13.01(d) are not met, the court must Aenter
an order as sanctions@
dismissing the case and granting the defendant its costs and attorney=s fees. 
Article 4590i, section 13.01(e); Am. Transitional Care Ctrs. of Tex.,
Inc. v. Palacios, 46 S.W.3d 873, 877 (Tex. 2001); Hagedorn v. Tisdale,
73 S.W.3d 341 (Tex. App.CAmarillo
2002, no pet.). The trial court abused its discretion in refusing to award the
Clinic attorney=s fees
after dismissing the cause with prejudice pursuant to Article 4590i, section
13.01(d).  Palacios, 46 S.W.3d at
877.  The Clinic=s
sole issue on appeal is sustained.

The portion of the trial court=s order dismissing Charlette Downing=s claim is affirmed.  However, the portion of the trial court=s order denying the Clinic=s request for attorney=s fees and costs of court is reversed
and remanded for an entry of an award of attorney=s
fees and costs of court.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

August 23, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]Tex. Rev. Civ. Stat. art. 4590i (1997), the Medical Liability and Insurance
Improvement Act, was repealed effective September 1, 2003, but it was still in
effect at the time this lawsuit was filed. 
We note that the current version of the medical liability provisions
have been codified at Tex. Civ. Prac.
& Rem. Code Ann. ch. 74 (Vernon 2005 & Supp. 2006).





[2]See Tex. R. Civ. P. 162, which provides
that a nonsuit does not affect motions for attorney=s fees or costs that are pending at the time of the
dismissal.